**Agustino SJAMSIR, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–76227.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2007 *.

Filed Aug. 21, 2007.

Kaaren L. Barr, Esq., Seattle, WA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, Carl H. McIntyre, Jr., Paul Fiorino, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KLEINFLED, SILVERMAN, and M. SMITH, Circuit Judges.

MEMORANDUM **

Agustino Sjamsir, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming an Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT").

We have jurisdiction under 8 U.S.C. § 1252. Where, as here, the BIA adopts the IJ's decision while adding its own reasons, we review both decisions. *See Kataria v. INS,* 232 F.3d 1107, 1112 (9th Cir. 2000). We deny the petition for review.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Substantial evidence supports the IJ's finding that Sjamsir did not suffer past persecution on account of his religion because he suffered no harm in Indonesia. *See Sangha v. INS,* 103 F.3d 1482, 1486 (9th Cir.1997).

Substantial evidence also supports the IJ's conclusion that Sjamsir failed to establish that he has an objectively-reasonable fear of future persecution on account of his religion due to the changed religious conditions in Indonesia and the fact that Sjamsir's family members, who are also Christians, continue to reside unharmed in Indonesia. *See Molina–Estrada v. INS,* 293 F.3d 1089, 1095–96 (9th Cir.2002); *Khourassany v. INS,* 208 F.3d 1096, 1101 (9th Cir.2000). Moreover, Sjamsir did not establish that any group to which he belongs is subject to the systematic government-sanctioned mistreatment that is required to demonstrate a "pattern or practice" of persecution. *See Kotasz v. INS,* 31 F.3d 847, 852–53 (9th Cir.1994). Thus, his asylum claim fails.

Because Sjamsir did not establish eligibility for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir. 2003).

Substantial evidence also supports the IJ's conclusion that Sjamsir failed to establish that it was more likely than not that he would be tortured in Indonesia. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED.**